UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NANCY SKINNER,

    Plaintiff,

v.

MEDIVATORS, INC.,

    Defendant.

Case No. 20-cv-06979-JSW

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: Dkt. Nos. 27, 35

Now before the Court is Medivators, Inc. ("Defendant")'s motion for partial summary judgment.[1] The Court DENIES Defendant's motion.

**BACKGROUND**

Defendant Medivators, Inc. produces and sells medical equipment to hospitals and surgery centers. Nancy Skinner ("Plaintiff") began working for Defendant in 2006. Plaintiff, a sixty-six-year-old woman, was one of Defendant's top sales representatives. On June 23, 2020, Defendant announced a reorganization of its sales structure. The reorganization changed the type of product Plaintiff would sell and the geographic territory of these sales. Plaintiff objected because the reorganization gave her a smaller geographic territory with fewer customers. Plaintiff alleges Defendant operates a "good old boys" club that discriminates against women employees and that

---

[1] Plaintiff also moves to consider whether Defendant's material should be sealed because Plaintiff used documents and testimony that Defendant had designated as "confidential" in her opposition to the motion for partial summary judgment. Under Civil Local Rule 79-5(f), a party ("Filing Party") who seeks to seal because a document was designated as confidential by another party ("Designating Party") must file an administrative motion to consider whether another party's material should be sealed. N.D. Civ. L.R. 79-5(f). Within seven days of the motion's filing, the Designating Party must file a statement and/or declaration explaining reasons to keep the document under seal. N.D. Civ. L.R. 79-5(f)(3). Failing to file a statement or declaration may result in the unsealing of the provisionally sealed document. *Id.* Here, Defendant is the Designating Party and did not submit the required statement and/or declaration explaining the reasons for keeping the testimony and documents sealed. Accordingly, the Court DENIES Plaintiff's motion to consider whether Defendant's material should be sealed.

the reorganization was pretext to push her out of the company. One example of the "good old boys" club includes how Executive Bob Krajeski allegedly singled out Plaintiff and told Plaintiff's boss to fire Plaintiff for speaking out at a meeting. Plaintiff alleges Defendant engaged in a pattern of harassment: forcing her to participate in calls during which she was pressured to accept the new territory or waive her rights to sue with a severance package, ordering management to not speak with Plaintiff after she filed a complaint about Defendant's sex and age discrimination, failing to investigate the complained of conduct, and ignoring Plaintiff's demand for a written offer of the final territory and compensation plan. On one of the calls, Tamer Guirguis, Plaintiff's manager, allegedly told Plaintiff he did not care if she left the company. Because of the alleged harassment and discrimination, Plaintiff was unable to perform her job and resigned on August 31, 2020. Plaintiff filed a lawsuit against Defendant on September 1, 2020.

Plaintiff alleged eight causes of action against Defendant: (1) unlawful harassment (hostile work environment); (2) sex discrimination; (3) age discrimination; (4) unlawful retaliation; (5) failure to prevent harassment, discrimination, and retaliation; (6) wrongful termination (constructive discharge in violation of public policy); (7) failure to provide employment records pursuant to Labor Code demand; and (8) intentional infliction of emotional distress. Defendant moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 for the first, second, third, fourth, fifth, sixth, and eighth causes of action.

## ANALYSIS

**A.    Applicable Legal Standard.**

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not weigh evidence or make determinations of credibility. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Rather, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences

2

1  are to be drawn in his [or her] favor." *Id.*

2        The party moving for summary judgment bears the initial burden of identifying those
3  portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue
4  of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is
5  "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-
6  moving party. *Anderson*, 477 U.S. at 248. A fact is "material" if it may affect the outcome of the
7  case. *Id.* If the party moving for summary judgment does not have the ultimate burden of
8  persuasion at trial, the party must produce evidence which either negates an essential element of
9  the non-moving party's claims or show that the non-moving party does not have enough evidence
10 of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine*
11 *Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

12       Once the moving party meets its initial burden, the non-moving party must "identify with
13 reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91
14 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th
15 Cir. 1995)). It is not the Court's task "to scour the record in search of a genuine issue of triable
16 fact." *Id.* (quoting *Richards*, 55 F.3d at 251); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need
17 consider only the cited materials, but it may consider other materials in the record."). "A mere
18 scintilla of evidence will not be sufficient to defeat a properly supported motion for summary
19 judgment; rather, the nonmoving party must introduce some significant probative evidence
20 tending to support the complaint." *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th
21 Cir. 1997) (citation and internal quotation marks omitted). If the non-moving party fails to point
22 to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of
23 law. *Celotex*, 477 U.S. at 323.

24 **B.    Unlawful Harassment (Hostile Work Environment) Claim.**

25       To establish a hostile work environment claim, Plaintiff must show that, because of her sex
26 or age, she was subjected to unwelcome conduct that was "sufficiently severe or pervasive to alter
27 the conditions of her employment and create an abusive working environment." *Campbell v. State*
28 *Dep't of Educ.*, 892 F.3d 1005, 1016 (9th Cir. 2018) (quoting *Fuller v. Idaho Dep't of*

*Corrections*, 865 F.3d 1154, 1161 (9th Cir. 2017)). The work environment must be considered both objectively and subjectively abusive. *Id.* at 1017. "Subjectively . . . [i]t is enough 'if such hostile conduct pollutes the victim's workplace, making it more difficult for her to do her job, to take pride in her work, and to desire to [stay] on in her position.'" *Poole v. Garland*, 2022 U.S. Dist. LEXIS 47808, *18-19 (N.D. Cal. Mar. 17, 2022) (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004)). "Objectively, courts look at 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it reasonably interferes with an employee's work performance.'" *Id.* at *19 (quoting *Harris v. Forklift Systems*, 510 U.S. 17, 23 (1993)). "The required severity for 'harassing conduct varies inversely with the pervasiveness or frequency of the conduct.'" *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 649 (9th Cir. 2021) (quoting *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991)). "When severity is questionable, 'it is more appropriate to leave the assessment to the factfinder than for the court to decide the case on summary judgment.'" *Id.* at 648 (quoting *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1096 (9th Cir. 2008)).

A genuine dispute exists regarding the material fact of whether Plaintiff was subjected to harassment by Defendant. Defendant's argument stems from the six phone calls that occurred between the parties. Defendant argues that because the calls were short, spanned over a few weeks, and Plaintiff admitted nothing inappropriate was said, Defendant's conduct cannot be perceived as severe or pervasive. Defendant also argues a lack of evidence that the calls were initiated because of Plaintiff's age or gender. Plaintiff alleges that Defendant's calls were severe and pervasive because the calls included communications with someone who Plaintiff complained of in her discrimination complaint and Defendant admitted that pressure was being placed on Plaintiff because of her complaint. Plaintiff also argues that Defendant stopped all communication with Plaintiff and elected to isolate her because of her discrimination complaint. Further, because of Defendant's silence, Plaintiff alleges she was unable to perform her job, which normally required regular communication with Defendant. Plaintiff contends ultimately she was forced to resign.

1    In a summary judgment motion, the facts and all inferences must be drawn in favor of
2    Plaintiff as the non-moving party. Here, there is a genuine issue of material fact for a jury to find
3    for Plaintiff because subjectively, Defendant's silence could reasonably have polluted her
4    workplace, make it difficult for her to do her job as a sales representative, and affected her ability
5    to stay in her position. *See Poole*, 2022 U.S. Dist. LEXIS 47808, at *19. A reasonable jury could
6    also find objectively, while looking at the totality of the circumstances, that Defendant's conduct
7    of pressuring phone calls, one of which was with someone Plaintiff complained of, and
8    Defendant's silence that interfered with Plaintiff's performance and ability to work rises to a level
9    of harassment.
10   Accordingly, the Court DENIES Defendant's motion for partial summary judgment for
11   Plaintiff's unlawful harassment (hostile work environment) claim.

12   **C.    Sex and Age Discrimination Claims.**

13   California has adopted a three-stage burden-shifting test for trying claims of
14   discrimination. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000) (citing, *inter alia*, *Texas*
15   *Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)). Under this framework, a plaintiff must
16   first establish a prima facie case of discrimination. *Id.* To state a prima facie claim for
17   discrimination, a plaintiff must allege (1) membership in a protected group; (2) qualification for
18   the job in question; (3) an adverse employment action; and (4) circumstances that support an
19   inference of discrimination. *Id.* at 355; *see also McDonnell Douglas v. Green*, 411 U.S. 792, 802
20   (1973). "The burden of establishing a prima facie case of disparate treatment is not onerous."
21   *Burdine*, 450 U.S. at 253. Once the plaintiff establishes a prima face case, "a presumption of
22   discrimination arises." *Guz*, 24 Cal. 4th at 355.
23   After plaintiff establishes a prima facie case, the burden then shifts to the defendant to
24   articulate a legitimate, nondiscriminatory reason for its employment decision. *Id.* at 355-56. "To
25   accomplish this, the defendant must clearly set forth, through the introduction of admissible
26   evidence, the reasons for the [employment decision]." *Burdine*, 450 U.S. at 255. "If the defendant
27   carries this burden of production, the presumption raised by the prima facie case is rebutted." *Id.*
28   "[W]hether or not a plaintiff has met his or her prima facie burden, and whether or not the

5

defendant has rebutted the plaintiff's prima facie showing, are questions of law for the trial court, not questions of fact for the jury." *Caldwell v. Paramount Unified School Dist.*, 41 Cal. App. 4th 189, 201 (1995).

Then, the burden shifts back to the plaintiff to "offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." *Kannan v. Apple Inc.*, 2020 U.S. Dist. LEXIS 193214, *9 (N.D. Cal. Oct. 13, 2020). "[T]he plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Id.* at *10 (quoting *Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035, 1042 (9th Cir. 2017)).

For a discrimination claim, Plaintiff first needs to establish her prima facie case. Defendant alleges that Plaintiff is unable to establish a prima facie case because there was no adverse employment action or circumstances that raise an inference of discrimination. Despite Defendant's arguments, the Court concludes Plaintiff met her prima facie burden. *See Caldwell*, 41 Cal. App. 4th at 201. Plaintiff is a member of a protected group by virtue of her age and sex, and was qualified for her job given she was a top sales representative. In direct contrast with Defendant's argument, Plaintiff argues the following adverse employment actions: stripped of her territory and accounts, a pattern of harassment and misconduct by Defendant, and constructive discharge. Plaintiff also alleges an inference of discrimination because her territory was assigned to two men decades younger than she, her discrimination complaint was not investigated, and Defendant admitted her complaint caused Defendant to not communicate with Plaintiff. Because Plaintiff is the non-moving party, the facts she alleges must be taken as true for the adverse employment actions and discriminatory inference. An adverse employment action can be found here because "[t]he Ninth Circuit 'take[s] an expansive view of the type of actions that can be considered adverse employment actions' such that 'a wide array of disadvantageous changes in the workplace constitute adverse employment actions.'" *Kannan*, 2020 U.S. Dist. LEXIS 193214, at *14 (quoting *Ray v. Henderson*, 217 F.3d 1234, 1240, 1241 (9th Cir. 2000)). Additionally, "an average age difference of ten years or more between the plaintiff and the replacements will be

6

presumptively substantial" to raise an inference of discrimination for the fourth element. *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015). With this, Plaintiff met her "not onerous" burden and fulfilled all four elements of a prima facie case for discrimination. *See Burdine*, 450 U.S. at 253.

Next, the burden shifts to Defendant, who articulated the reorganization of the sales department as the legitimate, nondiscriminatory reason for changes within the company. Defendant allegedly enlisted outside consulting firms who recommended expanding the products sold by sales representatives and reshaping the geographic territories of these sales. The Court concludes Defendant met the burden of production to rebut Plaintiff's prima facie case. *See Caldwell*, 41 Cal. App. 4th at 201.

The burden then shifts back to Plaintiff to offer evidence that Defendant's stated legitimate, nondiscriminatory reason is false and pretextual. Here, there is a genuine dispute of material fact that would not entitle Defendant to summary judgment. Defendant argues there is no evidence of pretext because management allegedly told Plaintiff they wanted her to stay at the company. Defendant also calls into question two statements by employees that allegedly shows Defendant's desire to get rid of Plaintiff. Defendant argues Krajeski's statement about wanting to fire Plaintiff is not evidence of pretext because he was not a decision maker and the statement was made years before the reorganization. Defendant also argues Guirguis's statement about not caring whether Plaintiff stays or resigns was taken out of context as Guirguis clarified his intention behind the statement to mean he hoped Plaintiff would accept the new position, but wanted her to do what was best for her in the end. In contrast, Plaintiff alleges the following facts as evidence of Defendant's pretext: sworn testimony that internal managers had the power to set and change the territory given to Plaintiff despite the consulting firms' recommendations of how to reshape the geographic territories, Defendant anticipating Plaintiff would leave the company, Defendant expecting the severance offer to prompt Plaintiff to leave the company, and Plaintiff's territory being given to men decades younger than her. There is a genuine dispute because the facts alleged by Plaintiff, taken as true, could lead a reasonable jury to conclude that Defendant's reorganization was pretextual. *Hester v. Barnhart*, 2006 U.S. Dist. LEXIS 22500, at *7 (N.D. Cal. April 17,

1   2006) ("in the context of employment discrimination law under Title VII, summary judgment is
2   not appropriate if, based on the evidence in the record, a reasonable jury could conclude by
3   preponderance of the evidence that the defendant undertook the challenged employment action
4   because of the plaintiff's [sex or age]").

5   Accordingly, the Court DENIES Defendant's motion for partial summary judgment on
6   Plaintiff's sex and age discrimination claims.

7   **D.     Unlawful Retaliation Claim.**

8   It is unlawful "[f]or any employer, labor organization, employment agency, or person to
9   discharge, expel, or otherwise discriminate against any person because the person has opposed any
10  [prohibited discriminatory] practices . . . or because the person has filed a complaint, testified, or
11  assisted in any proceeding [in connection with a prohibited discriminatory practice]." Cal. Gov't
12  Code § 12940(h).  California has adopted a three-stage burden-shifting test for trying claims of
13  retaliation.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).  To establish a prima
14  facie case of retaliation, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2)
15  the employer subjected the employee to an adverse employment action, and (3) a causal link
16  existed between the protected activity and the employer's action." *Id.*  Once an employee
17  establishes a prima facie case, the employer must then offer a legitimate, nonretaliatory reason for
18  the adverse employment action.  *Id.*  If the employer can produce a legitimate reason for the
19  adverse employment action, the presumption drops, and the employee must prove intentional
20  retaliation.  *Id.*

21  Here, there is a genuine dispute of material fact about whether Plaintiff established a prima
22  facie case for retaliation that would not entitle Defendant to judgment as a matter of law.  It is
23  undisputed that Plaintiff engaged in the protected activity of filing a complaint with Defendant
24  about discrimination based on Plaintiff's sex and age.  There is a dispute, however, regarding the
25  last two elements for a prima facie case.  Defendant argues there is no adverse employment action,
26  and no causal link between Plaintiff's protected activity and an adverse employment action if one
27  exists.  Plaintiff argues that there were adverse employment actions taken after and because of her
28  complaint in the form of harassing phone calls; Defendant's lack of investigation into her

complaint; and Defendant instructing supervisors to not speak with Plaintiff, making Plaintiff unable to perform her job. Defendant disputes that these facts amount to adverse employment actions because only three calls were conducted after Plaintiff's complaint and Plaintiff admitted nothing inappropriate was said during these calls; the directive from Defendant to not speak with Plaintiff was brought on at the request of Plaintiff's own attorney; Defendant's managers still continued to speak with Plaintiff regarding business matters; and Plaintiff was not even working after submitting her complaint because she was on paid leave and bereavement for two-and-a-half weeks. Because the Court cannot weigh the evidence, a genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action and the causal connection to her protected activity. A reasonable jury could find that ignoring Plaintiff and forcing her to take harassing calls could be adverse treatment that is "reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion within the reach of the antidiscrimination provision . . . section 12940(h)." *Yanowitz*, 36 Cal. 4th at 1054-55.

Further, Defendant also claims the reorganization was a legitimate, nonretaliatory reason and Plaintiff is unable to prove pretext because the reorganization occurred before her protected activity. Defendant provides no further argument or evidence to support these claims, and therefore, did not meet the burden of production for summary judgment.

Accordingly, the Court DENIES Defendant's motion for partial summary judgment as to Plaintiff's unlawful retaliation claim.

### E.  Derivative Claims.

Defendant claims the fifth (failure to prevent harassment, retaliation, and discrimination), sixth (wrongful termination in violation of public policy), and eighth (intentional infliction of emotional distress) causes of action are derivative. Defendant did not state the applicable legal standard and did not identify the absence of a genuine issue of material fact for each of the causes of action. Instead, Defendant simply states these derivative claims fail because Plaintiff cannot show unlawful harassment, discrimination, or retaliation. As shown above, there is a genuine dispute of material fact for Plaintiff's unlawful harassment, discrimination, and retaliation claims. Because these causes of action were not substantively addressed, Defendant did not meet the

required initial burden of the moving party in a summary judgment motion.

Accordingly, the Court DENIES Defendant's motion for partial summary judgment as to Plaintiff's claims for failure to prevent harassment, retaliation, and discrimination; wrongful termination in violation of public policy; and intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for partial summary judgment. The Court HEREBY SETS a case management conference for November 4, 2022. The parties' joint case management conference statement must be filed by October 28, 2022.

**IT IS SO ORDERED.**

Dated: September 28, 2022

JEFFREY S. WHITE
United States District Judge